IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED FIRE LLOYDS § | |
|     *Plaintiff* § | |
| § | |
| vs. § | C. A. NO. _____ |
| § | |
| ALLIANCE AUTO AUCTION, L.L.C. § | |
| d/b/a WACO AUTO AUCTION, INC § | |
| ROBERT MOODY, AND § | |
| LORRIE BETH TUCKER § | |
|     *Defendants* § | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

United Fire Lloyds ("United Fire"), plaintiff files this complaint pursuant to 28 U.S.C. § 2201 and FED. R. CIV. P. 57 for declaratory relief against Alliance Auto Auction, L.L.C. d/b/a Waco Auto Auction, Inc., Robert Moody, and Lorrie Beth Tucker, and would show the following:

**I. PARTIES**

1. The plaintiff is United Fire Lloyds ("United Fire"), a corporation organized under the laws of the State of Iowa, and having its principal place of business in Cedar Rapids, Linn County, Iowa.

2. Defendant Alliance Auto Auction, L.L.C. ("Alliance Auto Auction"), is a limited liability company organized under the laws of the State of Texas, doing business as Waco Auto Auction, Inc., and having its principal place of business at 6000 East Loop 281, Longview, Texas 75602. Alliance Auto Auction is the policyholder of an insurance policy issued by United Fire, under which Alliance Auto Auction and defendant Robert Moody have demanded a defense and indemnity

against a tort suit brought against them by defendant Lorrie Beth Tucker as a result of a motor vehicle accident involving a motor vehicle being driven by defendant Robert Moody. Alliance Auto Auction Construction, L.P. may be served with citation by serving its registered agent for service of process, Keith Orr, at 4545 North State Line Avenue, Texarkana, TX 75503.

3. Defendant Robert Moody ("Moody") is an individual, who can be served at his residence, located at 9003 Willow Bend Drive, Woodway, Texas 76712. Moody is an employee of Alliance Auto Auction and was driving a car at Alliance Auto Auction facility when it collided with a car driven by another Alliance Auto Auction employee, Frank Abel, causing that car to collide with the rear of a car being driven by defendant Lorrie Beth Tucker.

4. Defendant Lorrie Beth Tucker ("Tucker") is an individual who can be served at her residence, located at 1645 LCR 120, Mount Calm, Texas 76673. Tucker is the plaintiff in the underlying tort suit which forms the basis for the demand for defense and indemnity by defendants Alliance Auto Auction and Moody.

## II. Jurisdiction

5. This court has jurisdiction over this lawsuit under 28 U.S.C. §1332 (a)(1) and (c)(1) because the plaintiff and the defendants are citizens of different states. The plaintiff is a citizen of the State of Iowa and all defendants are citizens of the State of Texas. The insurance policy at issue has liability coverage limits of $1,000,000; consequently, the amount in controversy exceeds the jurisdictional amount of $75,000, excluding interest and costs. *Allstate Ins. Co. v. Hilbun*, 692 F. Supp. 698, 700 (S.D. Miss. 1988) (citing *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *Stonewall Ins. Co. v. Lopez*, 544 F.2d 198, 199 (5th Cir. 1976).

6.     In addition, this Court also has jurisdiction over this action with respect to United Fire's alleged duty to indemnify because a case or controversy does exist, despite the fact that no judgment has been rendered in defendant Tucker's lawsuit against defendants Alliance Auto Auction and Robert Moody. An actual controversy may exist when an insurance carrier seeks a declaratory judgment that it has a duty neither to defend nor indemnify its insured in a state court action that has not yet proceeded to judgment. The district court thus had jurisdiction to rule on the duty to indemnify despite the fact that the underlying state court suit had not yet reached final judgment. *American States Ins. Co. v. Bailey*, 133 F.3d 363, 369 (5th Cir. 1998) (citing *Western Heritage Ins. Co. v. River Entertainment*, 998 F.2d 311, 315 (5th Cir. 1993)).

### III.

#### CONDITIONS PRECEDENT

7.     All conditions precedent have been performed or have occurred.

#### V. FACTS

8.     On June 23, 2014, United Fire issued its Commercial Automobile Policy No. 85318658 ("the policy") to defendant Alliance Auto Auction through Alliance Auto Auction's insurance agent, MHBT, Inc. That policy was issued with effective dates from June 25, 2014 to June 25, 2015. A true and correct copy of Policy No. 85318658 is attached hereto as Exhibit A and is incorporated herein by reference for all purposes, the same as if fully set forth in this complaint. The policy contained commercial auto coverage, with personal injury coverage limits of $1,000,000 per occurrence.

9.     On or about July 11, 2014, three employees of Alliance Auto Auction, Frank Abel, defendant Robert Moody, and defendant Lorrie Tucker were driving cars up for auction in Alliance

Auto Auction's Auction facility in the course and scope of their employment. Lorrie Tucker was ahead of Frank Abel, who in turn was ahead of Robert Moody. Tucker and Abel had stopped their cars but Moody failed to stop and his car collided with the rear of Abel's car, propelling it into the rear of Tucker's car.

10. On or about August 7, 2014, attorneys representing Lorrie Tucker presented a claim to United Fire. After investigating the claim, United Fire denied coverage on September 26, 2014, based on an employee exclusion in the policy. A copy of that letter is attached hereto as Exhibit B and is incorporated herein by reference for all purposes, the same as if fully set forth in this complaint.

11. On March 31, 2015, defendant Tucker filed an action against Alliance Auto Auction and Moody, styled *Lorrie Beth Tucker v. Robert Moody and Alliance Auto Auction L.L.C.*, Cause No. 2015-1197-5, in the 414th Judicial District Court of McLennan County, Texas ("the Tucker lawsuit"). A true and correct copy of the petition filed in that lawsuit is attached hereto as Exhibit C and is incorporated herein by reference for all purposes, the same as if fully set forth in this complaint.

12. In her law suit, defendant Tucker has asserted a negligence cause of action against Alliance Auto Auction and Moody seeking damages for bodily injury and economic loss [Ex. C, pp. 2-5].

13. Subject to a Reservation of Rights Letter, dated May 14, 2015, United Fire has assumed the defense of defendants Alliance Auto Auction and Moody in the Tucker lawsuit pending the outcome of this action. A copy of that letter is attached hereto as Exhibit D and is incorporated

herein by reference for all purposes, the same as if fully set forth in this complaint. The Tucker lawsuit is currently pending but no judgment has been rendered.

## VI. COUNT 1—DECLARATORY JUDGMENT

14. United Fire incorporates the foregoing by reference as if fully set forth herein.

15. United Fire brings this claim for a declaratory judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202.

16. Under its Commercial Auto Coverage Part, United Fire's Policy Number 85318658 provides liability coverage as follows:

> **SECTION II — LIABILITY COVERAGE**
> **A.   Coverage**
>    **2. "Garage Operations" - Covered" Autos"**
>    We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos".
>
>    We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense. However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance - "Garage Operations" - Covered "Autos" has been exhausted by payment of judgments or settlements.
>
>    **3. Who Is An Insured**
>    a. The following are "insureds" for covered "autos":
>       (1) You for any covered "auto"
>       (2) Anyone else while using with your permission a covered "auto" you own, fire or borrow except:
>          (a) The owner or anyone else from whom you hire or borrow a covered "auto". This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.
>          (b) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.
>          (c) Someone using a covered "auto" while he or she is working in a business of selling, servicing,

>    repairing, parking or storing "autos" unless that business is your "garage operations".
>    (e) A partner (if you are a partnership), or a member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.
> (3) Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.
> (4) Your "employee" while using a covered "auto" you do not own, hire or borrow in your business or your personal affairs.

[Ex. A, UF 054-055]. The policy also included the following exclusions:

>    **B.** **Exclusions**
>    This insurance does not apply to any of the following:
>    **1.** **Expected Or Intended Injury**
>    "Bodily injury" or "property damage" expected or intended from the standpoint of the "insured".
>    . . .
>    **3.** **Workers' Compensation**
>    Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.
>
>    **4.** **Employee Indemnification and Employer's Liability**
>    "Bodily injury" to:
>    a.  An "employee" of the "insured" arising out of and in the course of:
>        (1) Employment by the "insured"; or
>        (2) Performing the duties related to the conduct of the "insured's" business.
>
>    **5.** **Fellow Employee**
>    "Bodily injury" to:
>    a. Any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business.

[Ex. A, UF 056-057].

17. The allegations and facts in the Tucker lawsuit are not covered under United Fire's Policy because Lorrie Tucker and Robert Moody were both employees of Alliance Auto Auction, LLC at the time of the accident. As such, any claims by Tucker for bodily injury against Alliance

Auto Auction and Robert Moody are excluded by exclusions set forth above. Therefore, United Fire has no duty to defend Alliance Auto Auction and Moody in the underlying Tucker lawsuit in state court or to or indemnify them for, or pay on their behalf, any judgment against them or any settlement on their behalf. The plaintiff, United Fire Lloyds, therefore seeks a declaratory judgment that it has no duty to defend or indemnify defendants Alliance Auto Auction and Moody for any claims arising out of the collision on July 14, 2014, along with its attorneys' fees and costs as allowed by the laws of the United state and the Federal Rules of Civil Procedure.

WHEREFORE, United Fire Lloyds requests that Alliance Auto Auction, L.L.C., d/b/a Waco Auto Auction, Inc., Robert Moody and Lorrie Beth Tucker be cited to appear and answer, and that upon final trial the plaintiff have judgment:

a. declaring that United Fire Lloyds has no duty to defend or indemnify Alliance Auto Auction, L.L.C., d/b/a Waco Auto Auction, Inc., or Robert Moody under United Fire Lloyds's Policy Number 85318658, for any damages they may be required to pay in connection with any claims or lawsuits arising out of the accident that occurred on July 14, 2014, including but not limited to the action styled and currently pending as *Lorrie Beth Tucker v. Alliance Auto Auction , L.L.C. and Robert Moody*, Cause No. 2015-1197-5, in the 414th Judicial District Court of McLennan County, Texas.

b. awarding United Fire Lloyds recovery against Alliance Auto Auction, L.L.C., d/b/a Waco Auto Auction, Inc. for all reasonable attorneys' fees, costs, expenses and costs of court incurred or expended in the prosecution of this complaint for declaratory relief;

    c.    a declaration for such further relief as the plaintiff is justly entitled to receive at law or in equity, special or general.

Respectfully submitted,

   /s/ Owen H. Ellington
Owen H. Ellington
State Bar No. 06534001
Fed ID No. 9926
77 Sugar Creek Center Blvd., Suite 325
Sugar Land, Texas  77478
Tel:  (832) 500-4635
Fax:  (832) 999-4016
E-mail: oellington@ellingtonlaw.com
**ATTORNEY-IN-CHARGE FOR**
**PLAINTIFF UNITED FIRE LLOYDS**

OF COUNSEL:
Ellington & Associates
77 Sugar Creek Center Blvd., Suite 325
Sugar Land, Texas  77478
Tel:  (832) 500-4635
Fax:  (832) 999-4016